FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 19, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM S., <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:17-CV-5140-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 12 and 13. This matter was submitted for consideration without oral argument. The plaintiff is represented by Attorney Chad Hatfield. The defendant is represented by Special Assistant United States Attorney Franco L. Becia. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 12, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 13.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~1

## JURISDICTION

Plaintiff William S. protectively filed for supplemental security income on October 3, 2013; and disability insurance benefits on October 1, 2013. Tr. 196-208. In both applications, Plaintiff alleged an onset date of September 5, 2012. Tr. 196, 203. Benefits were denied initially (Tr. 145-53) and upon reconsideration (Tr. 155-65). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Timothy Mangrum on February 23, 2016. Tr. 51-91. Plaintiff chose to represent himself, after being advised of his right to have a representative, and testified at the hearing. *Id*. The ALJ denied benefits (Tr. 32-50), and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 57 years old at the time of the hearing. *See* Tr. 92. He completed high school. Tr. 225. Plaintiff has work history as a taxi driver, shuttle driver, material handler, security guard, construction worker, merchandise deliverer, and janitor. Tr. 64-67, 71-73. Plaintiff testified that he is prevented from working because he is in constant pain. Tr. 61. He reported that after surgery for suspected renal cell carcinoma in September 2012 (*See* Tr. 296, 447), he started

having pain in his whole body, "and the more [he] did, the more it hurt." Tr. 61-63. Plaintiff testified that is taking the "strongest" pain medications, including hydrocodone, and it does not alleviate his pain. Tr. 62-63. He reported he can sit for 15 minutes at a time, and can walk for 10 minutes before he needs to sit down. Tr. 68-69.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~4

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~5

the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his limitations, 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~6

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 5, 2012, the alleged onset date. Tr. 38. At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease, lumbar spine; history of coronary artery disease, status post stent placement; history of renal cancer without recurrence; and obesity. Tr. 38. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 39. The ALJ then found that Plaintiff has the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) including the ability to do the following. He [can] lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently. He can sit, stand and/or walk up to 8 hours a day. He can never climb ladders, ropes or scaffolds. He can occasionally stoop. He can frequently kneel. He can occasionally crouch. He can frequently crawl. He must avoid concentrated exposure to extreme cold and vibration. He must avoid even moderate exposure to hazards such as moving machinery and unprotected heights.

Tr. 40. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a house officer. Tr. 44. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from September 5, 2012, through the date of the decision. Tr. 45.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act and disability insurance benefits under Title II of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ erred at step two;
2. Whether the ALJ properly weighed the medical opinion evidence; and
3. Whether the ALJ erred at step four.

## DISCUSSION

**A. Step Two**

Plaintiff argues the ALJ improperly determined that fibromyalgia was not a medically determinable impairment at step two. ECF No. 12 at 10-13. At step two, a claimant must establish that he or she suffers from a medically determinable impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004-1005 (9th Cir. 2005). The claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. 20 C.F.R. § 404.1508 (1991). "Under no circumstances may the

existence of an impairment be established on the basis of symptoms alone." S.S.R. 96-4p. Thus, in general, "regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings." *Id.* However, as noted by the ALJ, the Social Security Administration promulgated regulations in 2012 to provide guidance on how the ALJ should evaluate fibromyalgia in claims brought under Titles II and XVI of the Social Security Act. SSR 12-2p (Jul. 25, 2012), *available at* 2012 WL 3104869.

First, a claimant must provide evidence that a licensed physician reviewed his or her medical history, conducted a physical examination, and made a fibromyalgia diagnosis. *Id.* at *2. In addition, the physician must provide evidence which satisfies one of two alternate diagnostic criteria: the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia ("1990 Criteria"); or the 2010 American College of Rheumatology Preliminary Diagnostic Criteria ("2010 Criteria"). *Id.* at *2-3. Under the 1990 Criteria, the evidence must show: (1) "a history of widespread pain-that is, pain in all quadrants of the body … that has persisted (or that persisted) for at least 3 months"; (2) at least 11 positive tender points, found both bilaterally and above and below the waist; and (3) evidence that other disorders which could cause the symptoms were excluded. *Id.* at *3. Under the 2010 Criteria, the evidence must show: (1) a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~9

history of widespread pain; (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and (3) evidence that other disorders which could cause the symptoms were excluded. *Id.*

Here, the ALJ found that "[a]lthough mentioned in the record, fibromyalgia is not medically determinable" because "the updated record does not show that this requisite testing occurred. At most [treating physician] Stephen Jenkins, M.D. commented in August 2014 that [Plaintiff] 'may have fibromyalgia.' Although David M. Ryan, D.O., diagnosed fibromyalgia in April 2016, the requisite testing was not performed. This diagnosis also appears to have been made on [Plaintiff's] subjective reports of pain which as discussed more fully [in the decision] appears to be both intermittent and situational." Tr. 38 (citing Tr. 563, 636).

Plaintiff argues the ALJ erred in finding fibromyalgia was not a medically determinable impairment. The Court agrees. As an initial matter, "[a]lthough the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). Here, the ALJ summarily concludes that the "updated record does not show that [the] requisite testing occurred." Tr. 38. However, the ALJ does not identify with specificity which examination or testing results were

impermissibly absent from the record in order to establish fibromyalgia as a medically determinable impairment under any of the diagnostic criteria outlined in SSR 12-2p. Tr. 38.

Moreover, in support of this finding, the ALJ relies entirely on two treatment records: (1) Dr. Jenkins' comment in 2014 that Plaintiff "may have fibromyalgia;" and (2) the ALJ's general finding that despite Dr. Ryan's diagnosis of fibromyalgia in April 2016, the "requisite testing" was not performed, and the diagnosis "appeared to have been made on Plaintiff's subjective reports of pain [which] appears to be both intermittent and situational." Tr. 38 (citing Tr. 563, 636). However, the Court notes that in the same treatment note cited by the ALJ, in August 2014, Dr. Jenkins listed fibromyalgia as an assessed diagnosis (Tr. 565), and further noted that "[a]ll lab work has been unrevealing of his problem which is sounding more and more like fibromyalgia," which supports a finding that testing was performed, as per the 2010 Criteria in SSR 12-2p, to exclude other disorders that could cause Plaintiff's fibromyalgia symptoms. *See* SSR 12-2p at *3.

The ALJ also cited a fibromyalgia diagnosis by Dr. Ryan in April 2016 and found it was unsupported by the "requisite testing"; however, the treatment note cited by the ALJ in support of this finding was not a diagnosis by Dr. Ryan, but rather an evaluation by physical therapist Mark Johnson, who specifically found that Plaintiff's "limitations due to reported wide-spread (mostly shoulders, lower back, and hips) pain and muscle spasm are consistent with *referred* diagnosis [of

fibromyalgia]." Tr. 636 (emphasis added). Thus, the ALJ's reliance on this treatment record is misplaced, as it does not include any findings by Dr. Ryan, much less any "requisite testing," or allegedly improper reliance on Plaintiff's "subjective reports of pain."

Instead, physical therapist Mr. Johnson specifically notes that Plaintiff was referred to him by Dr. Ryan for evaluation, based on the "primary diagnosis" of fibromyalgia, only to determine Plaintiff's "functional abilities and limitations." Tr. 636. The Court finds the two treatment records cited by the ALJ to support this finding, standing alone, do not rise to the level of substantial evidence to support the finding that fibromyalgia was not a medically determinable impairment at step two.

Finally, as noted by Plaintiff, the record before the ALJ included extensive evidence regarding fibromyalgia, that was not considered by the ALJ at step two, including: consistent complaints of widespread body pain (Tr. 459-60, 463-64, 467-69, 471, 474-75, 482, 488, 495, 497, 516, 519, 529, 560, 563, 566, 570, 589, 593, 596, 619-20, 636); multiple recorded diagnoses of fibromyalgia by different treatment providers (Tr. 565, 569, 572, 580, 588, 592, 601, 613, 634, 636); prescription of fibromyalgia medication, until side effects caused him to seek alternatives (Tr. 569, 573, 577-78, 585); complaints of "other" fibromyalgia symptom manifestations of fatigue, sleeping poorly, depression, and anxiety disorder (Tr. 544, 550, 563, 566-67, 572-74, 578, 585-86, 589-90, 602, 607-08,

20); testing by providers that excludes other disorders that could cause Plaintiff's symptoms (Tr. 464, 487, 505, 515, 563, 570, 574); and positive trigger point testing (Tr. 580, 591, 602, 607). For all of these reasons, the Court finds substantial evidence does not support the ALJ's determination that fibromyalgia was not a medically determinable impairment.

Defendant argues that even if the Court finds the ALJ erred at step two, any error is harmless. ECF No. 13 at 17-18. An error is harmless if "there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir. 2004)). Thus, if a claimant prevails at step two and the ALJ considers all impairments, regardless of severity, in the subsequent steps, an ALJ's failure to consider an impairment "severe" is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Here, Plaintiff prevailed at step two; and Defendant generally argues that the ALJ did consider limitations arising out of Plaintiff's fibromyalgia in the RFC assessment. ECF No. 13 at 17-18 (citing Tr. 38). However, the Court's review of the record indicates that the ALJ did not consider the effects of fibromyalgia, and in fact did not consider most of the medical records showing diagnoses or treatment of fibromyalgia or related pain, as cited extensively above, at any of the subsequent steps of the sequential evaluation. *See* Tr. 41-45; *Hill v. Astrue*, 698

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~13

F.3d 1153, 1161 (9th Cir. 2012) (exclusion of a severe impairment may result in a "residual functional capacity determination [that is] incomplete, flawed, and not supported by substantial evidence in the record."). This is distinguishable from cases in which the ALJ discussed limitations arising from an impairment with specificity at subsequent stages of the sequential analysis, despite not finding an impairment severe at step two. *See Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) (holding that ALJ's failure to list plaintiff's bursitis as a severe impairment at step two was harmless where ALJ specifically discussed bursitis and its effects when identifying the basis for limitations in the RFC, and considered limitations caused by bursitis at step four). Thus, the ALJ's error in failing to find Plaintiff's fibromyalgia to be a medically determinable impairment was not harmless.

The Court concludes that the case be remanded in order for an ALJ to determine whether Plaintiff's fibromyalgia is a medically determinable impairment, and, if so, to consider any credible limitations arising out of Plaintiff's fibromyalgia at all subsequent steps in the sequential evaluation.

**B. Additional Assignments of Error**

Plaintiff additionally argues that the ALJ improperly rejected the medical opinions of Dr. Wing Chau and Dr. David M. Ryan, and failed to conduct a proper step four assessment. ECF No. 12 at 13-19; Tr. 43-45. However, the ALJ's error at step two requires remand for proper consideration of Plaintiff's medically determinable impairments and to reconsider each of the remaining steps in the five

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~14

step sequential evaluation, incorporating any additional impairments and work limitations possibly caused by Plaintiff's fibromyalgia. As the ALJ's error at step two impacts all aspects of the ALJ's decision, the ALJ is instructed to reweigh the medical opinion evidence of record, reevaluate Plaintiff's RFC, and reconsider Plaintiff's ability to perform past relevant work at step four.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v.*

*Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Although Plaintiff requests a remand with a direction to award benefits, ECF No. 12 at 20, the Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ's error at step two calls into question whether the ALJ's findings at the subsequent steps in the sequential evaluation were supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings.

On remand, the ALJ must reevaluate Plaintiff's fibromyalgia and all claimed impairments at step two, and if necessary, the ALJ should order additional consultative examinations and take testimony from a medical expert, if necessary. The ALJ must then reconsider all remaining steps of the sequential evaluation, including reconsidering Plaintiff's symptom claims and the medical opinion evidence, reassessing the RFC, and reevaluating Plaintiff's ability to perform past relevant work.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

**DATED** October 4, 2018.

                         *s/ Rosanna Malouf Peterson*
                        ROSANNA MALOUF PETERSON
                        United States District Court